26188. GILCHRIST et al. v. SKIDMORE et al.

SUBMITTED NOVEMBER 10, 1970—DECIDED JANUARY 7, 1971.

*Isaac S. Jolles, Preston B. Lewis, Jr.,* for appellants.

*George W. Fryhofer, B. H. Barton, Percy J. Blount,* for appellees.

Willie and Agnes Gilchrist filed their complaint against Andy B. and Meta Skidmore, as first defendants, and Ralph A. and Alice M. Hillis, as second defendants.

The complaint alleges the following set of facts: In 1960, the plaintiffs and the Skidmores entered into a contract whereby the Skidmores agreed to sell a tract of land to the Gilchrists. This tract contained 76.75 acres, and was located in the 67th G. M. District of Burke County. The purchase price agreed on was $6,000 to be paid in annual instalments of $200, with the Gilchrists paying all taxes on the land. (The testimony contained in the deposition showed that the contract referred to was oral). Through the year 1967, the complainants paid the annual instalments and all taxes. Since the making of said agreement they have remained on the property, cultivated the land, and made various improvements thereon, including building a kitchen and front porch on the house, and maintaining fences. The complaint further alleges that in July, 1968, the Skidmores entered into a contract of sale with the second defendants Ralph and Alice Hillis. Pursuant to that contract they conveyed, by deed, 68 acres of the same tract which they had agreed to convey to the Gilchrists. The second defendants took said deed with actual knowledge of the Gilchrists' contract to buy the land, and of their possession.

The prayers of the petition in Count 1 were: (a) for a decree of specific performance of the contract to sell the 76-acre tract by the Skidmores; (b) for the annulment of the deed from the Skidmores to the second defendant; (c) for injunctive relief preventing the second defendant from interfering with the Gilchrists' possession and enjoyment of the property; and (d) for money damages, in the form of punitive damages.

After all the defendants had filed their answers, they filed separate motions for summary judgment, based upon the pleadings, affidavits, and depositions. After a hearing the court granted both motions and entered judgments for the first and second defendants.

The appeal is from these orders and error is assigned on both orders.

ALMAND, Chief Justice. These orders were not erroneous, because the evidence before the court demanded a judgment for all the defendants.

Even if it be assumed that there existed a valid oral contract whereby the Skidmores were bound to convey the 76-acre tract of land to the Gilchrists upon their complying with the terms of the agreement, the evidence given by Willie and Agnes Gilchrist in their deposition shows that such agreement was canceled by reason of an accord and satisfaction.

*Code* § 20-1201 provides: "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed." In their depositions, the Gilchrists testified that in July they heard the Skidmores had sold the 76-acre tract of land to the second defendants. Subsequently, Willie Gilchrist called Andy Skidmore to ask him whether such a sale had been made. Skidmore said, "Yes, I went on and sold it. Didn't look like you was doing anything with it, so I just went on and sold it." He said Skidmore told him, "I give you eight acres of the land and I left your deeds down there in Mr. Harden's office and if he hasn't got them they will come to you through the mail." Willie Gilchrist further testified as follows: He went to Mr. Harden's office, picked up the deed and had it recorded in the clerk's office. The deed in the record shows it conveyed 8.53 acres of land to the Gilchrists and is dated July, 1968, and recites a consideration of one dollar. Willie Gilchrist had a home moved onto the 8-acre tract and is now occupying said home. He also testified that he had sold some timber off the tract.

In her deposition, Agnes Gilchrist corroborates the testimony of Willie Gilchrist.

Willie Gilchrist testified that though he was not satisfied with receiving the deed to the 8 acres, he accepted it because, "I didn't have no other choice but to accept it." The alleged oral agreement as to the entire tract was terminated by his accepting the deed and taking possession of the 8-acre tract, thereby causing Skidmore to act to his injury. *Glaze v. Western & A.R. Co.,* 67 Ga. 761.

There being no material issue of fact, it was not error to grant the defendants' motion for a summary judgment.

*Judgment affirmed. All the Justices concur.*